HENRY MEYERS and Others v. ALEX GRAY and Others.[1]

May 23, 1902.

Nos. 13,020—(89).

**Award of Prize.**

In an action for the possession of a prize banner claimed by appellants to have been awarded them by the committee of award, according to its agreed system of marking on a one hundred percentage basis, *held*, that the evidence sustains the court's finding in awarding the banner to respondents, notwithstanding the committee's action in giving appellants the higher figure in their first decision.

Action in the municipal court of St. Paul by plaintiffs, composing Iron Molders' Union No. 232, against defendants, composing Plásterers' Union No. 20, to recover possession of a prize banner, or $125 damages in case possession thereof could not be had. The case was tried before Hine, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*R. A. Walsh*, for appellants.

*E. E. McDonald*, for respondents.

LEWIS, J.

The firm of Browning, King & Co., of St. Paul, offered a silk banner to the St. Paul labor organization making "the best appearance" in the Labor Day parade on September 3, 1900, and wrote to the chairman of the Labor Day committee that they left to him the appointing of the committee of award, and he accordingly se-

[1] Reported in 90 N. W. 386.

lected five citizens to act in that capacity. This committee met, and agreed to observe the prize-competing organizations, and during the parade to sit apart, and each, according to his judgment, mark the percentage of excellence of the various associations, taking one hundred as the highest. The committee carried out this agreement, and the result was that the iron molders' association, the appellants here, received a percentage of ninety-four and the plasterers' organization, the respondents, eighty-nine per cent.; but Mr. Stine, the chairman, wrote Browning, King & Co. that the prize was awarded to respondents, whereupon the banner was delivered to them. This action is brought by appellants for possession of the banner upon the ground that the title passed to them when the committee announced that they had received the highest percentage, according to the markings taken. The trial court found, as a matter of fact, that the committee of judges of awards duly bestowed the banner upon respondents.

The assignments of error present but one question: Does the evidence support the finding of fact that the committee gave and awarded the banner to respondents?

We agree with appellants that, if the committee took no other action than to determine which organization presented the best appearance, according to the system of percentages above noted, then, when the committee came to the conclusion which resulted in appellants receiving the highest score, that the right of possession to the banner thereupon became vested in them, and the formal matter of notification would not be essential to that right. But, upon the other hand, if the evidence tends to show, notwithstanding the committee came to the conclusion it did by its manner of marking, that thereafter the committee, acting as a whole, again considered the question, and concluded to award the banner to respondents, then the result arrived at by the percentage system would not be final. The evidence tends to support the findings of the court that the committee did reconsider and come to a different conclusion. Mr. Stine, the chairman, and Mr. Murray, a member of the committee, both testified that the committee so decided, and awarded the banner to the plasterers' association. Mr. Morgan, also a member of that committee, testified that he did not so

understand it, but that he supposed the fact that appellants received the highest percentage settled the question in their favor, and that the committee took no further action, but simply left it to the chairman to announce their verdict. Here was a conflict of testimony as to what was done. The court's conclusion is sustained.

Order affirmed.